IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ISLAND PARK ESTATES, LLC, <br> BLUE WATER MARINA, LLC, KEVIN B. <br> DEAN AND EMILE L. CLAVET, <br><br> Plaintiffs, <br><br> v. <br><br> REGINALD BRACK, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> Civil Action <br> No. C-06-485 |

**ORDER OF REMAND**

On this day came on to be considered the Court's <u>sua sponte</u> review of its subject matter jurisdiction in the above-styled action. For the reasons stated herein, the Court finds that subject-matter jurisdiction is lacking, and the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law Number 3 of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-62415-00-0-3.[1]

**I.   Background**

On October 16, 2006, Plaintiffs Island Park Estates, LLC, Blue

---

[1] The Court notes that Plaintiffs filed a motion to remand on November 28, 2006 (D.E. 8). However, Plaintiffs' only argument against diversity jurisdiction is that "Plaintiffs' (sic) believe that discovery will prove complete diversity does not exist". (<u>Id.</u> at p. 1; <u>see</u> <u>also</u> p. 5). Jurisdiction is determined by looking at the petition at the time of removal, not by considering hypothetical future developments in the litigation. <u>See</u> <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537-38 (1939). Regardless, as set forth below, based on the allegations in Plaintiff's petition, the Court finds that diversity is lacking in this case. Accordingly, the case must be remanded to state court. <u>See</u> 28 U.S.C. § 1332(a).

Water Marina, LLC, Kevin B. Dean and Emile L. Clavet ("Plaintiffs") filed their state court Petition against Defendant Reginald Brack. (D.E. 1, Notice of Removal, ¶ 1; Original Petition ("Petition"), Exh. 1 to Notice of Removal). Plaintiffs allege various causes of action against the Defendant, including fraud and tortious interference with a contract. (See, generally, Petition). On October 31, 2006, Defendant removed the case to this Court, on the basis of diversity jurisdiction. (Notice of Removal, ¶¶ 6-7). Defendant alleges that there is "complete diversity of citizenship" between Plaintiffs and Defendant, and that the amount in controversy exceeds $75,000. (Id.).

## II. Discussion

### A. General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also

Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See Pullman, 305 U.S. at 537-38; Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a).

**B.   There is No Diversity of Citizenship in the Instant Case**

Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... *citizens of different*

***States***".  28 U.S.C. § 1332(a) (emphasis added).

Two of the Plaintiffs in the instant case, Island Park Estates, LLC and Blue Water Marina, LLC, are "limited liability companies."  (Notice of Removal, ¶ 6; Petition, ¶ 1.1).  Defendant alleges that these LLC Plaintiffs are citizens of Texas and Maine, respectively.  (Notice of Removal, ¶ 6). However, in Plaintiffs' Original Petition, Plaintiffs unequivocally state that "Defendant, Reginald Brack, ***holds a membership interest*** in Island Park Estates, LLC, a Texas limited liability company and Blue Water Marina, LLC, a Maine limited liability company."  (Petition, ¶ 1.2) (emphasis added).

"***The citizenship for diversity purposes of a limited liability company*** ... despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), ***is the citizenship of each of its members***."  Wise v. Wachovia Secs., LLC, 450 F.3d 265, 267 (7th Cir. 2006) (emphasis added); see also Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens"); Guillory v. Indus. Container Servs., 2006 WL 1476054, *1 (W.D. La. 2006) ("[LLC's] are considered citizens wherever their members are domiciled"); Standard Aero [San Antonio], Inc. v. Kelly Aviation Center, LP, 2006 WL 504055, *3 (W.D. Tex. 2006) (finding, based on "[t]he overwhelming weight of the commentary and case law on this issue", that an LLC's

citizenship is that of each of its members); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir. 2000).[2]

In the instant case, Defendant, a New York citizen, is a member of Plaintiffs Blue Water Marina, LLC and Island Park Estates, LLC. (Notice of Removal, ¶ 6(E); Petition, ¶ 1.2). For diversity purposes, Island Park Estates, LLC and Blue Water Marina, LLC are also citizens of New York, since they are citizens of each state where their members are citizens. See Wise, 450 F.3d at 267. Accordingly, two of the Plaintiffs (Island Park Estates, LLC and Blue Water Marina, LLC) and Defendant Reginald Brack are all considered citizens of New York for diversity purposes. (Notice of Removal, ¶ 6(E); Petition, ¶ 1.2).[3]  Since certain Plaintiffs and

---

[2] The Court notes that while the Fifth Circuit has not directly ruled on this issue, see Unity Communications Inc. v. Unity Communications of Colorado LLC, 205 Fed.Appx. 546, 547 n. 1 (5th Cir. 2004), "***every circuit that has addressed the question treats [LLC's] like partnerships for the purposes of diversity jurisdiction***". Johnson, 437 F.3d at 899 (emphasis added). Moreover, several district courts within the Fifth Circuit's jurisdiction have held that like a partnership, an LLC is a citizen of every state of which its members are citizens. See, e.g., Guillory, 2006 WL 1476054 at *1; Standard Aero, 2006 WL 504055 at *3.

[3] Plaintiffs' Original Petition states that the Defendant is a member of both Plaintiff LLC's. (Petition, ¶ 1.2).  The question of whether jurisdiction exists is resolved by looking at the Petition at the time the Defendant filed his Notice of Removal.  See Pullman, 305 U.S. at 537-38. The Court notes that

the Defendant are citizens of the same state, there is not complete diversity of citizenship, and this Court does not have diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### III. Conclusion

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action. This action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law Number 3 of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-62415-00-0-3.

SIGNED and ENTERED this 28th day of November, 2006.

_____
Janis Graham Jack
United States District Judge

---

even if the Defendant is a member of only one of the Plaintiff LLC's, there is still no diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332(a).